IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CA 6-38 |
| vs. | ) |
| | ) |
| RADISSON HOTEL PITTSBURGH, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

**ORDER OF COURT**

Before the Court is Plaintiff's Motion in Opposition to Bill of Costs, seeking denial of Defendant's Bill of Costs in the amount of $1,793.00. The Clerk of Courts has not yet taxed Plaintiff with costs.[1] Plaintiff does not attack the amount or types of expenses asserted in the Bill of Costs. Instead, he claims that he is unable to pay the amount contained therein. Rule 54 creates a "strong presumption" that costs are to be awarded to the prevailing party. In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462 (3d Cir. 2000). Moreover, "[t]o overcome the presumption favoring the prevailing party..., a district court must '"support that determination with an explanation."'" Id. at 462. The Court of Appeals for the

---

[1] Costs have not yet been taxed in this matter. Because Plaintiff raised his inability to pay in the form of Motion prior to taxation, rather than objections to taxation, this issue was brought before the Court rather than the Clerk of Courts. Typically, this issue would come before me on a request for review of the Clerk of Court's cost determination. For purposes of efficiency, however, I will dispose of the issues raised now, rather than staying Plaintiff's Motion. .

Third Circuit has emphasized that "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Id. at 464. Plaintiff bears the burden of showing that he is unable to pay. See id. at 463.

In this case, Plaintiff has supported his claim of inability to pay with evidence of relatively significant debt. He has not, however, offered evidence relating to inability to pay that debt – ie., sources or amount of his income, and its sufficiency; instead, the proffer is limited to unsupported factual averments. As I previously advised Plaintiff, without affidavits or other evidence of income, there is no record support for the conclusion that he lacks necessary funds. Averments alone are not evidence. Moreover, evidence of debt, absent evidence of inability to pay that debt, is insufficient. Accordingly, I cannot find that Plaintiff has demonstrated inability to pay the Bill of Costs.

I note, too, that I must reject Plaintiff's remaining contentions. Plaintiff urges that Defendants should be denied costs because of their "unclean hands." "Unclean hands" suggests bad faith, unconscionable conduct, or fraud, or some other defection during the course of the litigation. Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 147 n.12 (3d Cir. 1999); In re Paoli, 221 F.3d at 463 n.4. It has not been established that Defendant retained Plaintiff's property in such a manner, and I will not make such a finding now. Additionally, Plaintiff suggests that because he engaged in a constitutionally protected act of litigation, costs should be denied. These arguments, however, are unpersuasive; these

considerations cannot overcome the presumption that Defendant be awarded costs.

AND NOW, this 27th day of February, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion in Opposition to Bill of Costs (Docket No. [109]) is DENIED.  This matter is referred to the Clerk of Courts for further action.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief District Judge